**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PATRICK F. STEELE, ) | Case No.: 2:11-cv-00234-RLH-CWH |
| )  Plaintiff, ) | **O R D E R** |
| ) vs. ) | (Motion to Dismiss–#11) |
| ) CLARK COUNTY FIRE DEPARTMENT; ) COUNTY OF CLARK, a political subdivision ) of the State of Nevada; ROE CORPORATIONS ) I through X; and DOES I through X, inclusive, ) ) Defendants. ) _____ ) | |

Before the Court is Defendants Clark County Fire Department ("CCFD") and County of Clark's ("Clark County") **Motion to Dismiss** (#11, filed June 27, 2011) based on a failure to state a claim. The Court has also considered Plaintiff Patrick F. Steele's Opposition (#15, filed Aug. 9), and Defendants' Reply (#21, filed Sept. 16).

**BACKGROUND**

The actual facts of the underlying dispute are not important to the disposition of this motion. The only important facts are that Steele was fired from the CCFD and now brings an Americans with Disabilities Act claim against the CCFD and Clark County in federal court.

1

Defendants move to dismiss the complaint. For the reasons discussed below, the Court grants Defendants' motion.

**DISCUSSION**

**I.     Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**II.   Analysis**

    **A.   Clark County Fire Department**

Defendants argued and Steele conceded that the Clark County Fire Department, as a department of a political subdivision, is not an independent entity capable of suing or being sued. (Dkt. #15, Opp. 2.)  Thus, the Court dismisses the CCFD.

    **B.   Clark County**

Clark County argues that this case must be dismissed because it is protected by sovereign immunity under the Eleventh Amendment.  Steele responds by claiming that an exception to Eleventh Amendment immunity applies because Clark County participated in administrative proceedings with the Equal Employment Opportunity Commission ("EEOC") before Steele filed this suit.  This argument is based on Ninth Circuit precedent holding that lengthy participation in a federal lawsuit waives immunity. *Hill v. Blind Indus. And Servs. Of Maryland*, 179 F.3d 754, 758 (9th Cir. 1999, amended by 201 F.3d 1186 (9th Cir. 2000); *see also Douglas v. Cal. Dept. Of Youth Authority*, 271 F.3d 812, 821 (9th Cir. 2001).  However, Steele cites no authority that participation in pre-litigation administrative proceedings is equivalent to participation in litigation in federal court.  Further, the Ninth Circuit has explained that the Eleventh Amendment does not apply to administrative actions against states but only limits actions against a state in federal court. *Premo v. Martin*, 119 F.3d 764, 769 (9th Cir. 1997).  As CCFD's participation in the EEOC proceedings does not act as any sort of waiver to Eleventh Amendment immunity, the Court dismisses Steele's complaint.[1]

---

[1] Steele waived any arguments that Clark County is not subject to Eleventh Amendment immunity under *Eason v. Clark Cnty. School Dist.*, 303 F.3d 1137, 1140-41 (9th Cir. 2002), by arguing that an exception to Eleventh Amendment immunity applies rather than arguing that Clark County lacks Eleventh Amendment immunity.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#11) is GRANTED.

Dated: January 3, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**